# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2018

Lyle W. Cayce
Clerk

No. 17-20223

———————

DAVID MONTANO, Individually and on Behalf of Other Employees Similarly Situated,

Plaintiff - Appellant

v.

MONTROSE RESTAURANT ASSOCIATES, INCORPORATED, doing business as Restaurant Associates Payroll, also known as Tony's, also known as Tony's Restaurant,

Defendant - Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GASTON NIEVES

Plaintiff - Appellant

v.

MONTROSE RESTAURANT ASSOCIATES, INCORPORATED, doing business as Restaurant Associates Payroll, also known as Tony's and Tony's Restaurant,

Defendant - Appellee

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-153
USDC No. 4:12-CV-3111

———————

No. 17-20223

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal from a Fair Labor Standards Act ("FLSA") case. The Appellants lost a jury trial and appeal on the grounds that the jury instructions were erroneous and the district court erred by failing to give their proposed instruction. Because we find no plain error, we AFFIRM.

## I.    BACKGROUND

Appellants, David Montano and Gaston Nieves, were waiters at Tony's, a well-known Houston restaurant.  They filed this action arguing that Tony's violated the FLSA by forcing them to share their tips with the restaurant's "coffeemen."  The district court granted summary judgment for the restaurant. This court held that there was a genuine issue of material fact regarding whether the "coffeemen" were employees who "customarily and regularly receive tips" under the FLSA.  *Montano v. Montrose Restaurant Assocs., Inc.*, 800 F.3d 186, 194-95 (5th Cir. 2015).  In order to reach this decision, this court noted that the "common thread" of many cases was "to require a tipped employee to have more than de minimis interaction with the customers who leave the undesignated tips." *Montano*, 800 F.3d at 193.  This court accordingly held that when determining whether an employee qualified under this rule the court or factfinder "must consider the extent of an employee's customer interaction.  This rule is faithful to the goal of the inquiry: determining the customer's intent." *Id.*  The opinion also stated that "[M]any traditionally non-tipped employees aid waiters and are important for direct diner service," and that:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20223

[t]he central difference between employees who are traditionally tipped and those who are not is that the former work primarily in the front of the house where they are seen by and interact with customers, while the latter work primarily or exclusively in the back of the house.

*Id.*

On remand, the district court conducted a jury trial. The court gave the following challenged jury instructions:

> 5. Restaurant customers usually leave cash or add a tip to a charge receipt without indicating how it is to be allocated among the workers on the team whom they intend to tip. Your job is to decide whether the coffeeman is one of the workers whom customers would ordinarily intend to compensate with their tips.
>
> 6. The coffeeman must directly and substantially assist with customer service and have more than minimal exposure to customers.

The district court refused to give the following proposed instruction:

> A tipped employee, or an employee who "customarily and regularly." receives tips is:
> 1. An employee who works primarily or exclusively in the front of the house;
> 2. An employee who performed important customer service functions;
> 3. An employee who had direct and more than simply a minimal interaction with customers.

(footnote omitted). The jury ruled for the restaurant. The waiters appeal on the grounds that the district court erred in its jury instructions and failed to give their proposed instruction.

## II.   STANDARD OF REVIEW

This Court normally reviews jury instructions for abuse of discretion. *Janvey v. Dillon Gage, Inc. of Dallas*, 856 F.3d 377, 388 (5th Cir. 2017) (citation

omitted).  If, however, the party failed to preserve error, the instructions are reviewed for plain error. *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 361 (5th Cir. 1995).  In order to preserve error in a jury instruction for appeal, the party must "stat[e] distinctly the matter objected to and the grounds of the objection." *Id.* at 361 (citation omitted).  The plain error standard requires the party to show "'the deficient charge [wa]s likely responsible for an incorrect verdict which in itself creates a substantial injustice' or resulted in a ' "plain error" so fundamental as to result in a miscarriage of justice.'"  *Id.* at 362 (footnote and citations omitted).

## III.   DISCUSSION

The FLSA allows employers to pay below minimum wage to "tipped employee[s]."  29 U.S.C. § 203.  Employers may not force tipped employees to share their tips with other employees unless the other employees "customarily and regularly receive tips." *Id.*

Appellants argue that the district court should have given their proposed instruction, which stated that a tipped employee "works primarily or exclusively in the front of the house."  Appellants also argue the court erred by failing to include similar language in its instructions.  As correctly pointed out by the Appellee, Appellants explicitly waived this argument at the charge conference.  Appellants stated in the charge conference: "It actually lists three things because the Fifth Circuit also says the key distinction is whether or not the employee was at the front of the house or back of the house. *But we're not arguing that.*" (emphasis added).  Having so blatantly waived the issue in the charge conference, Appellants cannot claim to have preserved it for appeal.

Appellants also failed to preserve their other arguments.  During the charge conference, Appellants stated the first sentence of instruction number 5 "seem[ed] like an opinion" and suggested it could be replaced with "tips are

for waiters and busboys only," an argument they do not make on appeal. Appellants also argued that the language in instruction number 6 should be separated out, because it compounded the two factors together. These statements fail to distinctly point out the matter objected to, and Appellants' arguments will be reviewed under the plain error standard.

Appellants argue the district court's instructions were improper because they test what the customer *intended*. *Montano* explicitly instructed the district court that "the goal of the inquiry" is to "determin[e] the customer's intent." *Montano*, 800 F.3d at 193. Appellants also argue that the instructions "fail to capture the importance of customer interaction, not just exposure." *Montano* requires "more than a de minimis interaction" and the instruction required "more than minimal exposure." *Montano*, 800 F.3d at 193. Appellants argue that the phrase "directly and substantially assist with customer service" ignores guidance in this court's first decision, which stated that "[m]any traditionally non-tipped employees aid waiters and are important for direct diner service." *Montano*, 800 F.3d at 193. Appellants also take issue with the "more than minimal exposure" language because it is easier to meet than the "front of the house" language.

As noted above, Appellants stated they were not pursuing the "front of the house" language in the charge conference. None of their other arguments show that the instructions were "likely responsible for an incorrect verdict" or resulted in a "'plain error' so fundamental as to result in a miscarriage of justice."

For the foregoing reasons, we **AFFIRM** the judgment of the district court.